Everett W. Brizendine and Margaret D. Brizendine, Husband and Wife v. Commissioner.
Brizendine v. Commissioner
Docket No. 51999.
United States Tax Court
T.C. Memo 1957-32; 1957 Tax Ct. Memo LEXIS 220; 16 T.C.M. (CCH) 149; T.C.M. (RIA) 57032; February 20, 1957
*220 Petitioners filed no returns from 1945 through 1949, inclusive. Petitioner, Margaret W. Brizendine, was employed for a part of 1950 and throughout 1951, and petitioners filed returns for those years. In determining deficiencies, respondent added estimated living expenses of $2,000 a year to known expenditures made by petitioners from 1945 to 1951, inclusive. Held, petitioners received adjusted gross income in the amount of known personal expenditures made by them, plus estimated living expenses of $1,200 per year. Held, further, respondent properly imposed additions to tax under sections 291(a), 293(a), 294(d)(1)(A), and 294(d)(2). Morton Honeyman, Shenandoah Building, Roanoke, Va., Esq., for the petitioners. John J. Larkin, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves the following deficiencies in income tax and additions thereto: Additions to Tax Under
Income Tax
Sec. 294
Sec.
Year
Deficiency
Sec. 291(a)
Sec. 293(a)
(d)(1)(A)
294(d)(2)
1945
$799.00
$199.75
$39.95
$79.90
$47.94
1946
379.00
94.75
18.95
37.90
22.74
1947
261.00
65.25
13.05
26.10
15.66
1948
247.00
61.75
12.35
24.70
14.82
1949
214.00
53.50
10.70
21.40
12.84
1950
512.00
25.60
46.09
27.65
1951
476.92
23.85
37.54
22.52
*221 The issues are: (1) Whether the respondent erred in determining that petitioners received the amounts of taxable income set forth in the deficiency notice; (2) whether petitioners failed to make and file returns for the years 1945 to 1949, inclusive, without reasonable cause; (3) whether any part of the deficiencies was due to negligence or intentional disregard of rules and regulations; (4) whether the petitioners' failure to file declarations of estimated tax was due to reasonable cause; and (5) whether petitioners substantially underestimated their estimated tax. Findings of Fact Petitioners were married in 1945, and throughout the years in issue were husband and wife and residents of Roanoke, Virginia. They filed no returns for the years 1945 through 1949, inclusive, but did file returns for 1950 and 1951 with the former collector of internal revenue in Richmond. Prior to the years in issue, petitioner, Margaret D. Brizendine, was convicted and fined on five separate occasions for operating a house of prostitution, or for working in such a house. Petitioner, Everett W. Brizendine, prior to the years in issue, had served a term in the penitentiary. During the years in issue, *222 he was convicted and fined seven times for violation of the Roanoke City Gambling Code, for operating a gambling house, and for disorderly conduct. Prior to the years in issue, petitioner, Margaret D. Brizendine, met an individual in a Roanoke, Virginia, restaurant with whom she became friendly. The individual promised her that if she would discontinue her activities as a prostitute he would buy her a home and provide for her support. In 1945, the individual paid Margaret $2,000 with which sum she made the down payment on a house; he also arranged for her to secure a loan to pay the balance of the purchase price. From 1945 and until the time of his death in March 1950, the individual provided money with which Margaret made payments on such loan. In addition, he paid her approximately $25 per week in cash and also paid her money to provide for utilities, insurance, furniture, and clothing. In 1946, he paid her $500 which she used to buy a fur coat. Margaret was gainfully employed during a part of 1950 and throughout 1951 in a Roanoke, Virginia, factory. Everett, during all of the taxable years in issue, was actively engaged in gambling or operating a gambling establishment. In *223 determining the deficiencies herein, the respondent arrived at petitioners' adjusted gross income by adding annual estimated living expenses in the amount of $2,000 to the known expenditures made by them. The amounts of adjusted gross income so determined were as follows: 1945
$4,784.80
1946
3,300.70
1947
2,645.00
1948
2,978.62
1949
2,763.37
1950
4,812.82
1951
3,641.57
Petitioners' living expenses did not exceed $1,200 in addition to the known personal expenditures made by them during each of the years in issue. Petitioners' failure to file returns for the years 1945 through 1949, inclusive, was not due to reasonable cause. The deficiencies in issue were due to petitioners' negligence or intentional disregard of rules and regulations. The petitioners' failure to file declarations of estimated tax was not due to reasonable cause and resulted in an underestimate of estimated tax. Opinion RICE, Judge: Petitioners contend that the amount received by Margaret from the individual, with which she made a down payment on a house, as well as all other amounts received from him until the time of his death in 1950, were gifts to her and, therefore, did not *224 constitute taxable income. The respondent, while accepting petitioner's testimony as to the source of the sums, argues that she has not established that the amounts received from the individual were really gifts. He further points out that Margaret testified that the payments received from the individual were in consideration of her forbearance to refrain from engaging in prostitution, and to grant him her companionship, and argues that her promise constituted valid consideration for the payments which causes them to be taxable as ordinary income. Both petitioners testified at the hearing in this case. Their demeanor on the stand, coupled with their long criminal records, leaves considerable doubt in our mind that the payments from the individual to Margaret were the only source of petitioner's income during the years in question, or that such amounts as the individual paid to Margaret were gifts. Since petitioners thus failed to establish that those amounts were, in fact, gifts, we conclude that such amounts were correctly determined by respondent to be taxable income which petitioners received during the years in issue. We further think that there is considerable merit to the respondent's *225 argument that Margaret's promise to the individual to forbear from engaging in prostitution, and to grant him her companionship, constituted sufficient consideration for the money received from him to make it taxable to her. We think, on the basis of the whole record, that respondent's estimate of personal living expenses in the amount of $2,000 was excessive. Many of the known expenditures which petitioners made during the years in issue were for living expenses, and pursuant to our findings we are satisfied that an additional $1,200 adequately covers all of their personal living expenses. The petitioners failed to show reasonable cause excusing their failure to file returns for the first five years in issue. They likewise failed to show reasonable cause excusing their failure to file declarations of estimated tax during all of the years in issue. We are satisfied that the deficiencies were due to petitioners' negligence and intentional disregard of rules and regulations. Since petitioners filed no declarations of estimated tax, the estimated tax is deemed to be zero and the additions to the tax provided under section 294(d)(2) for substantial underestimates of estimated tax are *226 mandatory and were correctly imposed by the respondent. Decision will be entered under Rule 50.